# IN THE CIRCUIT COURT OF ST. CHARLES COUNTY
# STATE OF MISSOURI

| | |
|---|---|
| **VINCENT RHODUS,** | Case No.: |
| Plaintiff, | Division No.: |
| v. | |
| **G4S SECURE SOLUTIONS (USA) INC.,** | |
| Serve Registered Agent: | |
| CSC-Lawyers Incorporating Service Co.<br>221 Bolivar St.<br>Jefferson City, MO 65101 | |
| and | |
| **MENARD, INC.** | |
| Serve Registered Agent: | **JURY TRIAL DEMANDED** |
| CSC-Lawyers Incorporating Service Co.<br>221 Bolivar St.<br>Jefferson City, MO 65101 | **AMOUNT IN CONTROVERSY EXCEEDS $25,000.00** |
| Defendants. | |

## PETITION

COMES NOW Plaintiff, Vincent Rhodus, by and through his undersigned counsel, and for his Petition against Defendants, G4S Secure Solutions (USA) Inc. and Menard Inc., states as follows:

1. Plaintiff Vincent Rhodus is an individual citizen and resident of St. Charles County, Missouri.

2. Defendant G4S Secure Solutions (USA) Inc. is an active corporation authorized to do business in the State of Missouri, with its principal place of business in Palm Beach County, Florida.



Electronically Filed - St Charles Circuit Div - May 27, 2022 - 12:08 PM

3. Defendant Menard Inc. is an active corporation authorized to do business in the State of Missouri, with its principal place of business in Eau Clair County, Wisconsin.

4. Venue in this Court is proper pursuant to RSMo. § 508.010.4 because Plaintiff's tort claim arises out of an injury first occurring in St. Charles County, Missouri.

5. On January 4, 2021, Vincent Rhodus ("Vincent") visited the Menards store located in St. Peters, Missouri in order to purchase, among other things, a wood post, which was located in the gated lumber yard.

6. The guard to the gated lumber yard – Aaron – who was an employee of Defendant G4S Secure Solutions (USA) Inc., advised Vincent that the yard was self-service only after Vincent asked him if someone could provide him with assistance with retrieving the wood post.

7. Aaron did not tell Vincent that a Menard Inc. employee could assist him if requested, nor did he call for a Menard Inc. employee of assistance.

8. Left to retrieve the wood post by himself from the shelving, Vincent attempted to unbundle a set of wood posts from the shelves, which caused a wood post to fall off the shelf and strike Vincent's legs, causing wounds that required significant medical treatment and pain and suffering.

## **COUNT I - (Against G4S Secure Solutions (USA) Inc.)**

9. Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

10. At the time of Vincent's fall, Defendant G4S Secure Solutions (USA) Inc. employed Aaron, who told Vincent that he would have to help himself in retrieving the wood post.

11. It was foreseeable to Defendant G4S Secure Solutions (USA) Inc. that by failing to call a Menard Inc. employee to help Vincent and by informing Vincent that the lumber yard was self-service only, that Vincent could be injured by retrieving the wood post himself.

12. Upon information and belief, Defendant G4S Secure Solutions (USA) Inc. knew or should have known that the Menard Inc. lumber yard was not self-service only, and that if a customer requested assistance, such assistance could be provided.

13. As a direct and proximate result of Defendant G4S Secure Solutions (USA) Inc.'s failure to call for assistance for Vincent, he was injured when he attempted to retrieve the wood post.

WHEREFORE, Plaintiff Vincent Rhodus prays for judgment against Defendant G4S Secure Solutions (USA) Inc. for an amount exceeding $25,000.00, along with court costs incurred in this action, all pre and post judgment interest allowed under Missouri law, and for such other relief this Court deems just and proper under the circumstances.

## **COUNT II - (Against Menard Inc.)**

14. Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

15. At the time of Vincent's fall, Defendant Menard Inc. occupied and controlled the premises where Vincent was injured.

16. The bundled wood posts that Vincent was required to unbundle by himself to retrieve the material he purchased was a dangerous condition that Defendant Menard Inc. knew or could know would cause injuries to an individual because by having to unbundle the material himself, it was foreseeable that said material would fall and cause injuries to Vincent.

17. As a result of Defendant Menard Inc. failure to have the wood posts already unbundled, Vincent incurring the damages identified above.

WHEREFORE, Plaintiff Vincent Rhodus prays for judgment against Defendant Menard Inc. for an amount exceeding $25,000.00, along with court costs incurred in this action, all pre and post judgment interest allowed under Missouri law, and for such other relief this Court deems just and proper under the circumstances.

Respectfully Submitted,

JETT LEGAL

By:___ /s/ Mathew T. Jett ___
Mathew T. Jett, # 65987

Electronically Filed - St Charles Circuit Div - May 27, 2022 - 12:08 PM

745 Old Ballas Rd.
St. Louis, MO 63141
Phone: 314.399.5995
Fax:    314.317.0226
matt@jettlegal.com
Attorney for Plaintiff