**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| VINCENT RHODUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-00696 JAR |
| | ) | |
| G4S SECURE SOLUTIONS (USA), INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant G4S Secure Solutions (USA), Inc. (G4S)'s Motion to Dismiss. (Doc. No. 14). The motion is fully briefed and ready for disposition. Also pending is Defendant Menard, Inc.'s Motion for Leave to File a Cross Claim against Defendant G4S based upon a defense and hold harmless provision in its contract with G4S. (Doc. No. 19). No opposition to Menard's motion has been filed.

**Background**[1]

On January 4, 2021, Vincent Rhodus ("Plaintiff") visited the Menard's store located in St. Peters, Missouri to purchase a wood post, which was located in the gated lumber yard. A security guard employed by G4S, identified in the petition as "Aaron," advised Plaintiff that the lumber yard was self-service only after Plaintiff asked if someone could help him with retrieving the wood post. Aaron did not tell Plaintiff that a Menard's employee could assist him if requested and did not call a Menard's employee for assistance. Left to retrieve the wood post by

---

[1] The facts are taken from Plaintiff's petition, Doc. No. 2, which the Court accepts as true for purposes of G4S's motion to dismiss.

himself, Plaintiff attempted to unbundle a set of wood posts from the shelves, causing one to fall off the shelf and injure him.

> In Count I of his petition, Plaintiff alleges a negligence claim against G4S as follows:
>
> It was foreseeable to Defendant G4S that by failing to call a Menard Inc. employee to help [Plaintiff] and by informing [Plaintiff] that the lumber yard was self-service only, that [Plaintiff] could be injured by retrieving the wood post himself.
>
> Upon information and belief, Defendant G4S knew or should have known that the Menard Inc. lumber yard was not self-service only, and that if a customer requested assistance, such assistance could be provided.
>
> As a direct and proximate result of Defendant G4S's failure to call for assistance for [Plaintiff] he was injured when he attempted to retrieve the wood post.

(Doc. No. 2 at ¶¶ 11-13). G4S moves to dismiss Plaintiff's claim against it on the grounds that he has not plausibly stated a claim for negligence. Specifically, G4S argues that Plaintiff's claim fails because it did not owe him a duty of care as a matter of law.

**Legal standard**

To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In the complaint, a plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir.), cert. denied, 555 U.S. 882 (2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material

elements necessary to sustain recovery under *some* viable legal theory." Id. at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556. When ruling on a motion to dismiss, the Court must accept the allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party. Cole v. Homier Dist. Co., Inc., 599 F.3d 856, 861 (8th Cir. 2010).

**Discussion**

In any action for negligence, the plaintiff must establish that the defendant had a duty to protect the plaintiff from injury, the defendant failed to perform that duty, and the defendant's failure proximately caused injury to the plaintiff. L.A.C. v. Ward Parkway Shopping Ctr., Co., L.P., 75 S.W.3d 247, 257 (Mo. banc 2002) (citations and quotations omitted).

G4S argues that its relationship with Plaintiff is too attenuated to charge it with a duty of care to ensure that Plaintiff was not hurt when unbundling wood posts from Menard's lumber yard, or to contact a Menard's employee for assistance. G4S further argues there is no allegation that it controlled the lumber yard or had any knowledge of the condition of the bundled wood posts. In response, Plaintiff argues that the concept of foreseeability is paramount in determining whether a duty exists, see Hoover's Dairy, Inc., v. Mid-America Dairymen, 700 S.W.2d 426, 431-32 (Mo. banc 1985), and that given the foreseeable nature of a person being injured by being forced to retrieve material without assistance, a duty exists on the part of G4S's employees to exercise due care in providing accurate information to prevent these types of incidents from happening.

A motion to dismiss is solely a test of the adequacy of the petition. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present

evidence in support of his claim. Upon review, the Court finds that Plaintiff's allegations, taken as a whole, are sufficient to survive a motion to dismiss. Foreseeability for purposes of establishing whether a defendant's conduct created a duty to a plaintiff depends on whether the defendant should have foreseen a risk in a given set of circumstances. See Kutilek v. Union Pac. R.R., 454 F. Supp. 2d 871, 874 (E.D. Mo. 2006) (citation omitted). It is not for the Court to determine on a motion to dismiss – as opposed to a motion for summary judgment – whether this is such a circumstance. Discovery will reveal the nature of the relationship between G4S and Menard's and whether G4S knew or should have known that the Menard Inc. lumber yard was not self-service only, and that if a customer requested assistance, such assistance could be provided. The Court will, therefore, allow Plaintiff to proceed on his claim of negligence against G4S.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant G4S Secure Solutions (USA), Inc.'s Motion to Dismiss [14] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Menard, Inc.'s Motion for Leave to File a Cross Claim [19] is **GRANTED.**

**IT IS FINALLY ORDERED** that a scheduling conference will be set by separate order.

Dated this 2nd day of November, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE